UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                           Case No. 18-cr-102-SE
                                      Opinion No. 2023 DNH 140

<u>Damon Austin</u>

O R D E R

Damon Austin, who is serving an 84-month prison sentence after pleading guilty to being a felon in possession of a firearm, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking to serve the remainder of his sentence in home confinement. As he did in an earlier motion for compassionate release, <u>see</u> doc. no. 59, Austin argues that the combined effects of his medical conditions and the risks presented by COVID-19 necessitate his release from prison.

The court denied Austin's prior motion, concluding that the sentencing factors in 18 U.S.C. § 3553(a), which the court must consider when ruling on a motion for compassionate release, weighed heavily against reducing his sentence. <u>See</u> doc. no. 64 at 8-10. Those factors include the nature of Austin's crime, his criminal history of violence, and his drug use. <u>Id.</u>

Although nearly two years have passed since the court denied Austin's first motion for compassionate release, those factors have not changed. For the same reasons that the court provided in that order, as well as Austin's failure to meet the

procedural requirements necessary to bring a motion for compassionate release, the court denies Austin's present motion for compassionate release.

In the alternative, Austin asks the court to recommend to the Bureau of Prisons that it place him in home confinement for the remainder of his sentence pursuant to 18 U.S.C. § 3621(b) and § 3624(c)(2). The court declines to make the recommendation.

## Background

The criminal charges against Austin arose from an altercation in Somersworth, New Hampshire, when Austin threatened Christopher Brown at Brown's home with a loaded gun. United States v. Austin, 991 F.3d 51, 54 (1st Cir. 2021). Austin left Brown's house in a vehicle driven by Tanya Phillips, and Brown called the police. Id.; doc. no. 64 at 4. Officers located and stopped Phillips's vehicle. Austin, 991 F.3d at 54. They found a loaded magazine on Austin and retrieved a gun from the front seat of the vehicle. Id. While still at the scene of the arrest, "Austin revealed in a post-Miranda statement that he was a convicted felon." Id. Later, during booking, he "stated that he was a member of the Mattapan Avenue Crips street gang." Id. During a subsequent search of Austin's apartment, officers found more guns, ammunition, cocaine and crack cocaine, other drugs, and cash. Doc. no. 64 at 4.

2

In January 2019, Austin pleaded guilty to two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The court sentenced him to 84 months in prison. Austin is currently serving his sentence at FCI Otisville in Otisville, New York.

Austin seeks to serve the remainder of his sentence in home confinement. He pursues that goal through two avenues. The first is that he seeks compassionate release, requesting that the court order him to be placed in home confinement pursuant to § 3582(c)(1)(A), which authorizes a court to reduce a defendant's term of imprisonment under certain circumstances. Should the court decline to grant Austin compassionate release, he requests that the court recommend to the BOP that it place him in home confinement for the remainder of his sentence under § 3621(b) and § 3624(c)(2).

In support of both requests, Austin submits medical records, dated December 19, 2022, that document health conditions of obesity, hypertension, asthma, major depressive disorder, vitamin D deficiency, reflux disease, unspecified mood disorder, and sarcoidosis.[1] He argues that his health conditions,

---

[1] Austin provided a quote from the Mayo Clinic website to explain that "'[s]arcoidosis is a disease characterized by the growth of tiny collections of inflammatory cells (granulomas) in any part of your body — most commonly the lungs and lymph nodes.'" Doc. no. 75 at 1 n.2.

which increase his risk of serious illness or death if he
contracts COVID-19, justify his move to home confinement under
all of the applicable statutes.

## Discussion

Although Austin offers the same arguments in support of his
separate requests for relief, the analysis required in
considering a motion for compassionate release and a request for
a recommendation to the BOP for release to home confinement
differs in part. Therefore, the court addresses each request
separately.

## I. Compassionate Release

"Before a court considers a defendant's motion for
compassionate release, it must determine whether the defendant
has met the procedural prerequisites for bringing such a
motion." United States v. Crosby, No. 1:17-CR-00123-JAW-01, 2020
WL 6291367, at *6 (D. Me. Oct. 27, 2020). Specifically, a court
may consider a defendant's motion for compassionate release
"only if he has either: (1) fully exhausted all administrative
rights to appeal [BOP's] failure to bring a compassionate
release motion on his behalf; or (2) filed a request for
compassionate release with BOP and BOP failed to respond within
30 days," whichever is earlier. United States v. Eisenberg, 470

F. Supp. 3d 111, 112 (D.N.H. 2020) (citing § 3582(c)(1)(A)); see
also United States v. Texeira-Nieves, 23 F.4th 48, 52-53 (1st
Cir. 2022).

Once the defendant has satisfied the procedural
requirements, the court may grant a motion for compassionate
release if it finds "both that the defendant has presented an
'extraordinary and compelling' reason warranting a sentence
reduction, and that 'such a reduction is consistent with
applicable policy statements issued by the Sentencing
Commission.'" United States v. Ruvalcaba, 26 F.4th 14, 18-19
(1st Cir. 2022) (quoting § 3582(c)(1)(A) and citation omitted).[2]
In addition, "the . . . court must consider any applicable
section 3553(a) factors and determine whether, in its
discretion, the reduction . . . is warranted in whole or in part
under the particular circumstances of the case." Id. at 19

---

[2] The court notes that the First Circuit Court of Appeals
has held that courts are not bound to consider the Sentencing
Commission's policy statement regarding compassionate release
motions when the motions are "prisoner-initiated," rather than
brought by the BOP. Ruvalcaba, 26 F.4th at 19-21. The Sentencing
Commission, however, has proposed an amendment to its
compassionate release policy statement that may make it
specifically applicable to motions filed by prisoners. See
United States v. Ozen, No. 1:14-CR-118, 2023 WL 4467160, at *4
(E.D. Tex. July 11, 2023). Because consideration of the
applicable policy statement does not change the outcome of the
court's order, the court assumes without deciding that it should
consider the statement in ruling on Austin's motion.

(citation and quotation omitted). Those factors include the purpose of the defendant's sentence and the need:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(1).

The government argues that Austin is not entitled to relief under § 3582(c)(A) for two reasons. First, he failed to satisfy the statute's procedural requirements. Second, even if he had satisfied those requirements, he has not shown an extraordinary and compelling reason to be placed in home confinement and he remains a danger to the community.

A. Procedural Requirements

Austin states in his motion that he petitioned the warden of his BOP facility for compassionate release more than 30 days before filing the instant motion, but he did not receive a response. He also represents that his unit counselor offered to give him a letter certifying that he gave the counselor a

completed BP-8 form.[3] He does not contend that he ever received
such a letter and none exists in the record. Nevertheless,
Austin argues that he has satisfied the procedural requirements
necessary to bring a motion for compassionate release.

The government disagrees. It submits an email from Irene
Chan, a staff attorney with the BOP, who conducted a search for
Austin's requests for compassionate release. Doc. no. 77-1. Chan
states that the BOP has no record of a request for compassionate
release from Austin while he has been incarcerated at FCI
Otisville, from December 7, 2022, to the present. Id. at 2.

Chan did locate and provide a copy of an August 21, 2022
request which Austin filed while a prisoner in USP Canaan. See
id. at 3. That request, however, is unrelated to Austin's
instant motion based on his health concerns, as it alleges
extraordinary and compelling reasons based on a need for Austin
to care for his elderly mother. Id. The acting warden at USD
Canaan denied that request on September 2, 2022 and Austin did
not file a motion based on that denial. Id. at 4.

Although Austin claims otherwise, the record the government
provides demonstrates that he did not satisfy the procedural

---

[3] "A BP-8 form seeks informal resolution of a grievance with
the prisoner's unit team, and a BP-9 appeals to the warden if
informal attempts fail." Poole v. Johnson, No. EDCV191872JLSJPR,
2022 WL 19036775, at *3 (C.D. Cal. Dec. 27, 2022), report and
recommendation adopted, No. EDCV191872JLSJPR, 2023 WL 2504991
(C.D. Cal. Mar. 13, 2023).

requirements necessary for him to bring a motion for
compassionate release based on his health-related concerns.
Austin's failure to do so precludes him from obtaining relief
under the statute. Because the court would deny Austin's motion
on the merits regardless, the court addresses the relevant
considerations below.

        B. <u>Merits</u>

As stated above, a defendant seeking compassionate release
must provide an extraordinary and compelling reason in support
of his motion and the court must find that his release would be
consistent with the Sentencing Commission's policy statements.
The court must also consider the § 3553(a) sentencing factors.
Here, even assuming Austin had presented an extraordinary and
compelling reason warranting a reduction in his term of
imprisonment and the reduction was consistent with the
Sentencing Commission's policy statements, the court would still
deny his motion after considering the applicable sentencing
factors.

For the reasons stated in the government's objection, doc.
no. 77 at 6-9, and those stated in the court's order denying
Austin's first motion for compassionate release, doc. no. 64 at
8-10, the factors in § 3553(a)(1) weigh strongly against
reducing his term of imprisonment. Although Austin has now

served more of his sentence than he had when he previously
requested a sentence reduction and is expected to be released in
March 2024, his sentence of 84 months was appropriate for the
crimes of conviction and should not be reduced.

Therefore, the court denies Austin's motion to his sentence
under § 3582(c)(1)(A).


II. Recommendation of Home Confinement

The BOP has exclusive authority to determine where a
defendant will serve his sentence, including whether to have the
defendant serve his sentence in home confinement. § 3621(b); §
3624(c); United States v. Duford, 471 F. Supp. 3d 458, 463
(D.N.H. 2020). Austin acknowledges the BOP's authority and asks
the court only to recommend home confinement, citing 18 U.S.C
§3621(b) and §3624(c). Nonetheless, it is not clear whether the
cited statutes give the court the authority to do so at this
stage. See United States v. Soto, No. 2:17-cr-157-JAW, 2022 WL
4465378, at *10 (D. Me. Sept. 26, 2022), appeal dismissed, No.
22-1765, 2022 WL 19412769 (1st Cir. Dec. 13, 2022). Even if the
court were permitted to make such a recommendation, there is no
basis to recommend that the BOP place Austin in home confinement
for the reasons already stated.

9

Conclusion

For the foregoing reasons, Austin's motion for a reduction of his term of imprisonment (doc. no. 75) is denied.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

November 7, 2023

cc: Counsel of record.